476 A.2d 40

**COMMONWEALTH of Pennsylvania**

v.

**Columbus J. COTTMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 17, 1984.

Filed May 11, 1984.

Petition for Allowance of Appeal Denied Aug. 21, 1984.

454

Harvey L. Anderson, Philadelphia, for appellant.

Carolyn E. Alden, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

HESTER, Judge:

This is a direct appeal from appellant's judgment of sentence. Appellant shot the unarmed victim with a sawed-off rifle after the victim borrowed appellant's automobile

without permission. Following a non-jury trial, appellant was adjudged guilty of a variety of charges stemming from this incident.[1] Appellant raises three issues on appeal, none of which has merit. Specifically, appellant argues a violation of Pa.R.Crim.P. 1100, ineffectiveness of trial counsel for failing to obtain witnesses, and abuse of discretion by the sentencing judge. Having closely reviewed appellant's assertions, we conclude that relief is not warranted. Hence we affirm.

In appellant's initial argument, he contends that the Commonwealth failed to prove due diligence in its efforts to comply with Rule 1100.[2] Appellant's contention that the Commonwealth failed to act with due diligence centers on the absence of the complaining witness on the September 16, 1981, trial date. Consequently, he submits that the extensions granted to the Commonwealth were improper, and that he should be discharged.

Appellant was arrested on March 29, 1981, thereby establishing a run date of September 25, 1981. On September 18, 1981, the Commonwealth filed a motion to extend time in which to commence trial. It alleged therein that the victim, who was the sole eyewitness, had failed to appear for trial on three separate occasions in spite of a subpoena and a bench warrant. A hearing was scheduled for October 29, 1981, but at the request of the defense was continued until January 13, 1982.[3] After the witness failed to appear on January 13, 1982, the Commonwealth amended its petition to aver that the complaining witness had been injured and was unable to attend trial. A Rule 1100 hearing was conducted on February 23, 1982, at which time the court

1. Appellant was convicted of simple and aggravated assault, possession of an instrument of crime, possession of a concealed weapon, recklessly endangering another person, and making terroristic threats.

2. Rule 1100 requires the Commonwealth to commence trial within 180 days from the date of a defendant's arrest unless "trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Pa.R.Crim.P. 1100(c).

3. The complainant was present on October 29, 1981.

granted the Commonwealth's petition and ordered that appellant be tried on February 24, 1982.

It is well settled that the Commonwealth, in order to obtain an extension of time pursuant to Rule 1100(c), need only prove that reasonable efforts were made to secure a witness' attendance. *Commonwealth v. Wroten*, 305 Pa.Super. 340, 451 A.2d 678 (1982); *Commonwealth v. Sharp*, 287 Pa.Super. 314, 430 A.2d 302 (1981). While the Commonwealth must demonstrate that it employed reasonable means to insure the appearance of the witness, it is not necessary that *all* methods be exhausted in order to establish due diligence. *Commonwealth v. Thompkins*, 311 Pa.Super. 357, 457 A.2d 925 (1983). See also *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981).

Herein, after attempting to ascertain the victim's whereabouts, the Commonwealth sought to compel his attendance at trial by serving him with a subpoena both personally and by mail. Unfortunately, personal service could not be effected; however, the complainant's father accepted service. In addition, the Commonwealth repeatedly telephoned the witness in an effort to reach him, but to no avail. Finally, a bench warrant was issued for his arrest. We believe the above-cited conduct by the Commonwealth constituted a reasonable effort to produce the victim prior to his actual appearance and that a finding of due diligence was not error.

Appellant next requests that his case be remanded for an evidentiary hearing on the alleged ineffective assistance of counsel.[4] A finding of ineffective assistance of counsel is only warranted when we are able to conclude that the particular course chosen by counsel did not have some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427

---

4. Since new counsel raised the ineffectiveness claim at the first stage of the proceedings in which he represented appellant, the issue is properly before the Court. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Pa. 599, 235 A.2d 349 (1967). In order to examine such a claim, we employ a two-step analysis:

> The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans*, 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Sherard, supra.*

*Commonwealth v. Jennings*, 285 Pa.Super. 295, 298–99, 427 A.2d 231, 232 (1981). If the underlying issue has no merit, and would have been a frivolous or futile effort on the part of counsel, failure to pursue such a course will not be deemed ineffectiveness. *Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977).

In the instant case, appellant asserts that counsel failed to call witnesses to testify in his behalf. However, nowhere does appellant recite the names of those who would so testify or the substance of their testimony. This Court has previously considered unsupported allegations such as the one advanced by appellant, and has held:

> Absent a demonstration that missing testimony would be helpful, we cannot premise a finding of ineffective assistance of counsel on failure to secure such testimony.

*Commonwealth v. Rainey*, 282 Pa.Super. 15, 20, 422 A.2d 652, 655 (1980), citing *Commonwealth v. Gardner*, 250 Pa.Super. 86, 378 A.2d 465 (1977). Although given many opportunities to do so, appellant has consistently failed to name those witnesses who could affirm his innocence. The witnesses could have been identified at trial when appellant first referred to them in open court, or at sentencing when appellant again insisted that witnesses could establish his non-culpability. Finally, and most importantly, appellant failed to state the names of his desired witnesses in this appeal.

Appellant demands an evidentiary hearing in order to enhance the record in this regard. Frequently it is necessary for an appellate court to remand to the trial court for an evidentiary hearing to determine the basis of trial counsel's omission. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). However, mere allegations of ineffectiveness standing alone on direct appeal will not warrant a remand for an evidentiary hearing if this Court is not presented with facts sufficient to support the claim. *Commonwealth v. Blackwell,* 312 Pa.Super. 117, 458 A.2d 541 (1983). To rule otherwise would serve to place less of a burden on a defendant asserting an ineffectiveness claim on direct appeal than a defendant advancing a like argument in a Post Conviction Hearing Act petition when both are seeking the same relief. To be entitled to a post-conviction evidentiary hearing, a petitioner seeking relief must allege facts which "if proven would entitle the petitioner to relief." 19 P.S. § 1180-9. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Oliver,* 280 Pa.Super. 274, 421 A.2d 719 (1980). Appellant will be held to no less a standard on direct appeal. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). Since he has failed to allege facts which would entitle him to relief or to outline a claim of arguable merit, appellant's claim must be rejected.

Appellant finally assigns error to his sentence, which was modified following the grant of a petition for reconsideration. Although appellant achieved a reduction in sentence, he nevertheless contends that the lower court failed to consider the mitigating circumstances introduced at his second sentencing hearing. For the following reasons, we deem this issue to be waived.

Appellant correctly filed a motion to modify his original sentence, as required by Pa.R.Crim.P. 1410. The principal purpose of this rule is to provide the sentencing court with the first opportunity to modify its sentence and to correct any errors that may have occurred at sentencing.

*Commonwealth v. Burtner,* 307 Pa.Super. 230, 235, 453 A.2d 10, 12 (1982), and cases cited therein. In the absence of such a motion, a defendant may only seek appellate review of the legality of his sentence. *Commonwealth v. DeCaro,* 298 Pa.Super. 32, 444 A.2d 160 (1982). Failure to present claims of abuse of discretion to the sentencing court constitutes waiver. *Commonwealth v. Boyce,* 304 Pa.Super. 27, 450 A.2d 83 (1982); *Commonwealth v. Dumas,* 299 Pa.Super. 335, 445 A.2d 782 (1982).

 Although appellant did afford the sentencing court the opportunity to adjust its initial sentence, he failed to provide an opportunity to that court with respect to the amended sentence, which was imposed following the vacation of the initial sentence. The issue raised instantly alleges that error was committed at the second sentencing hearing. Since appellant's initial sentence was vacated and no motion to reconsider appellant's current sentence was filed, this issue is waived.

Judgment of sentence affirmed.