605 A.2d 825

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Christina JONES, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 20, 1991.

Filed April 3, 1992.

Ann Lebowitz, Philadelphia, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Jeffry S. Pearson, Philadelphia, for appellee.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge.

This is an appeal by the Commonwealth of Pennsylvania from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County, following the conviction of appellee on charges of possession of cocaine and possession of cocaine with intent to deliver. Appellee was sentenced to not less than eighteen months nor more than thirty-six months of incarceration to be followed by two years of probation and a fine of $5000. Herein, the Commonwealth contends that the lower court imposed an illegal sentence when it refused to impose the mandatory minimum sentence provided by 18 Pa.C.S.A. § 7508(a)(3)(ii).[1]  We

1.  18 Pa.C.S.A. § 7508, in pertinent part, provides:
(a) General rule.—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
\* \* \* \* \* \*
(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent

agree with the Commonwealth. Accordingly, we vacate the judgment of sentence and remand for sentencing.

The record reveals the following facts: On January 12, 1989, appellee was tried and convicted of possession of cocaine and possession of cocaine with intent to deliver. Testimony at trial revealed appellee sold a "dime" bag of cocaine to an undercover police officer from her home. Based on that sale, the police obtained a search warrant for her home. Therein, police found, *inter alia*, a large bag of cocaine on the top of appellee's refrigerator, twenty-four small packets of cocaine inside a bottle marked "Spice Supreme" which was inside a kitchen cabinet and twenty packets of cocaine in appellee's bedroom. Appellee asserted that the drugs were actually her son's.[2]

Prior to sentencing, the Commonwealth notified appellee of its intention to seek imposition of the mandatory minimum sentence under 18 Pa.C.S.A. § 7508(a)(3)(ii). At the sentencing hearing on April 12, 1989, the Commonwealth introduced evidence of the precise weight of the cocaine involved: the large bag of cocaine weighted 19.951 grams, the twenty-four packets in the "Spice Supreme" bottle weighted 3.728 grams and the twenty packets weighed

or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \* \* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams: three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

2. Appellee testified that the large bag of cocaine and the twenty-four packets contained in the "Spice Supreme" jar were found in a cabinet located in the stairway leading from her kitchen to the basement where her son resided.

2.722 grams for a total of 26.401 grams of cocaine. Based on this evidence, the court found that, by a preponderance of the evidence, the Commonwealth had established that appellee possessed with intent to deliver in excess of ten grams of cocaine. The court then properly imposed the mandatory minimum sentence of three to six year imprisonment and a $15,000 fine. Appellee's trial counsel filed a timely petition for reconsideration of sentence, alleging, *inter alia,* that appellee did not actually or constructively possess all the cocaine found in her residence, and, therefore, her sentence was illegal. However, appellee's motion was denied.

Twenty-eight days after sentencing, on May 10, 1989, new counsel filed a second petition to reconsider sentence, and later that same day, the trial court vacated appellee's sentence pending a hearing to determine, *inter alia,* whether trial counsel was ineffective. Hearings on appellee's motion were held on February 20, 1990 and March 2, 1990, during which appellee's new counsel also argued that his client did not possess all of the drugs in question.[3]

Eventually, on July 3, 1990, appellee was resentenced. Inexplicably, at the time of resentencing and after having rendered a verdict of guilty, the lower court re-examined the facts of the case and determined that appellee possessed only the 2.722 grams of cocaine found in her bedroom, not the entire 26.401 grams of cocaine found in her home.[4] The court determined that the Commonwealth proved beyond a reasonable doubt that appellee actually or constructively possessed *only* those drugs found in her bedroom. Contrary to the testimony credited at trial, the court issued a new factual finding which indicated the large bag of cocaine

---

**3.** At the hearing held on March 2, 1990, trial counsel testified concerning appellee's allegations that he was ineffective. At the sentencing hearing, the trial court dismissed appellee's allegations that trial counsel was ineffective.

**4.** We note that these "new" factual findings were made well over one year after the original adjudication of guilt, and they were not based on new evidence, but rather on a re-evaluation of the officers' and appellee's credibility.

and the "Spice Supreme" jar which contained twenty-four small packets of cocaine were found in a cabinet located in the stairway going from the kitchen to the basement where her son resided. Based on that finding, the court decided that appellee did not constructively possess the cocaine in the stairway cabinet, but rather her son possessed that cache of cocaine.[5] Over the Commonwealth's objection, the lower court then sentenced appellee to eighteen to thirty-six months of imprisonment and a fine of $5000 in accordance with 18 Pa.C.S.A. § 7508(a)(3)(i).[6]

▮ Having reviewed the record, we find that the lower court erred in reassessing the facts of the case at the time of sentencing. Appellee was convicted of 35 Pa.C.S.A. § 780–113(a)(30), possession of a controlled substance with intent to deliver. Appellee admitted her participation in the sale of a "dime" packet of cocaine to an undercover officer. Over twenty-six grams of cocaine were found in her home, either in her bedroom or in common areas of her home. The Commonwealth more than satisfied its burden of proving beyond a reasonable doubt that appellant actually or constructively possessed all 26.401 grams of cocaine. *Cf., Commonwealth v. Mudrick*, 510 Pa. 305, 307–310, 507 A.2d 1212, 1213–1214 (1986); *Commonwealth v. Santiesteban*, 381 Pa.Super. 18, 20–22, 552 A.2d 1072, 1074–1075 (1988). Indeed, the court below necessarily found the Commonwealth met its burden of proof when it adjudicated appellee guilty, correctly imposed her original sentence and denied her first motion for reconsideration of sentence.

▮ At sentencing, when applying 18 Pa.C.S.A. § 7508(a)(3)(ii), the court was required only to determine whether the Commonwealth established by a preponderance of the evidence that cocaine which appellee possessed

5. We note that absolutely no evidence was presented to establish that appellee did not have access to the stairway cabinet.

6. 18 Pa.C.S.A. § 7508(a)(3)(i), provides that the minimum mandatory sentence for a person found to have possessed with intent to deliver "at least 2.0 grams and less than ten grams" of cocaine is one year in prison and a fine of $5000.

weighed at least ten grams and less than one hundred grams. See 18 Pa.C.S.A. § 7508(b). Certainly, the Commonwealth sustained their burden of proof through expert testimony as to the exact weight of the cocaine in question. See *Commonwealth v. Perez*, 397 Pa.Super. 574, 580 A.2d 781 (1990) (extrapolation of weight from samplings sufficient to prove weight).

As we stated in *Commonwealth v. Rosario*, 400 Pa.Super. 505, 511, 583 A.2d 1229, 1232 (1990), "we hold that once a party is found guilty, the adjudicated elements of the offense must be fully considered and cannot be disregarded when fashioning a sentence.... The sentencing court is not allowed to rewrite the script...." Instantly, although adjudicating appellee guilty of possessing cocaine with intent to deliver, the lower court decided to "rewrite the script" by finding that appellee did not possess all of the cocaine found in her residence. This type of re-examination of the facts at the time of sentencing in order to permit the court to impose a more lenient sentence ignores its legislative mandate and will not be condoned. *Cf., Rosario*, 400 Pa.Superior Ct. ——, 583 A.2d at 1232–1233. Since the lower court did not impose the mandatory minimum sentence required for appellee's crime, we vacate appellee's sentence and remand for resentencing in accordance with that mandated by 18 Pa.C.S.A. § 7508(a)(3)(ii). See *Commonwealth v. Logan*, 404 Pa.Super. 100, 590 A.2d 300 (1991) (lower court has no discretion to impose less than the mandatory minimum sentence, and if it does, appellate court will vacate the sentence and remand for resentencing); 18 Pa.C.S.A. § 7508(d).[7]

7. We note that during the many months that passed between the original sentencing and second sentencing, the court received numerous letters on appellee's behalf which the prosecutor characterized as able to "bring tears to the eyes of Attila the Hun." N.T., 7/3/90, p. 3. Although the lower court admitted receiving the letters, none of them appears in the record.

In rendering our decision today, we recognize that sentencing judges are sometimes faced with the task of imposing a mandatory sentence which seems unduly harsh under the circumstances. However, we remind them that the Legislature has seen fit to mandate

Judgment of sentence vacated and case remanded for resentencing in accordance with the provisions of this opinion. Jurisdiction relinquished.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting.

I respectfully dissent from the conclusion reached by the majority that the lower court imposed an illegal sentence. Rather, I would find that the lower court's sentence was a proper application of the mandatory minimum sentence provision.

At the time it rendered a verdict, as the finder of fact, the court specifically stated that it was making no determination as to the amount of drugs involved. The court said that it considered the issue of amount to be, "appropriate for determination at sentence." Notes of Testimony, Jan. 12, 1989, at 100. The court made no special findings in connection with the verdict and did not indicate then which of the Commonwealth's and which of the defense's evidence it accepted as true.

It was at the initial sentencing hearing that the court delved into the question of the amount of cocaine possessed by appellee. After hearing argument on this issue, the court imposed a sentence of three to six years, which indicated that it determined that the amount of cocaine involved was at least ten grams and less than 100 grams. Within the thirty-day period during which it retained jurisdiction after sentencing, the court vacated the sentence upon a petition to modify.

It is within the authority of the trial court to grant a petition to modify sentence where it vacates the original sentence within thirty days after it was imposed. *See,* Pa.R.Crim.P. 1410, Comment; Pa.R.A.P. 1701; *Commonwealth v. Feagley,* 371 Pa.Super. 593, 538 A.2d 895 (1988).

certain minimum sentences, and they have no discretion to impose a lesser penalty, despite apparent inequity in the sentence. *Cf., Logan, supra.*

The purpose of this procedure is to allow the lower court to reconsider the sentence, the process of which necessarily implicates a reexamination of the facts upon which it based its original sentencing decision. This is a proper function of the court when modification of sentence is under consideration. *See, Commonwealth v. Cottman,* 327 Pa.Super. 453, 476 A.2d 40 (1984).

Although the time lapse between the vacation of the original sentence and the imposition of the second sentence involved in this case is, indeed, considerable, the lower court acted within its authority in resentencing on July 3, 1990. Its determination at that time that it had erred at the original sentencing hearing on April 12, 1989, in calculating the amount of cocaine involved, was a permissible exercise of its sentencing duties.

The court did not, at the time it announced the verdict, indicate which testimony it credited. The majority assumes that the court believed all of the Commonwealth's evidence in reaching the guilty verdict. This conclusion is erroneous because, as noted above, the court at the time of the verdict specifically indicated that the issue of amount would be decided at sentencing. The re-assessing of facts that occurred was not of facts found in conjunction with the rendition of the verdict, but of facts implicitly decided at the first sentencing. This latter factual assessment by the court is precisely what is properly the subject of the process of reconsideration of sentence.

Because I find that the lower court's sentence was within the law and took account of the mandatory minimum, I would affirm the judgment of sentence.