614 A.2d 308

**COMMONWEALTH of Pennsylvania**

v.

**Alonda ACIE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 1992.

Filed Sept. 29, 1992.

352

James R. Wilson, Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before DEL SOLE, JOHNSON and FORD ELLIOTT, JJ.

DEL SOLE, Judge:

Ms. Alonda Acie plead guilty to three violations of the Controlled Substance, Drug, Device and Cosmetic Act.[1] She was sentenced to not less than one year and no more than three years imprisonment and to pay a $5,000.00 fine. In spite of defense counsel's efforts to persuade the sentencing court that application of 18 Pa.C.S.A. § 7508(a)(3)(i) did not prevent the court from allowing Appellant to serve her sentence through the Program for Female Offenders (the Program), the court directed that Appellant serve her sentence at

---

1. Appellant was charged with violating the following sections: Delivery (35 Pa.S. § 780–113(a)(3)); Possession with Intent to Deliver (35 Pa.S. § 780–113(a)(30)); Possession (35 Pa.S. § 780–113(a)(16)) and one count of Criminal Conspiracy (18 Pa.C.S. § 903(a)(1)).

the Muncy State Correctional Facility, concluding that the statute precluded it from exercising any discretion in sentencing to other than a prison setting. Appellant subsequently filed a motion for reconsideration of sentence which was denied. After the period for appeal expired, trial counsel withdrew and Appellant's present counsel was appointed. A petition under the Post–Conviction Relief Act requesting reinstatement of Appellant's right to appeal was granted and this appeal filed.

First, we note that the Commonwealth, in its brief, has recommended we quash this appeal because of Appellant's failure to comply with Pa.R.A.P. 2119(f) by not including in her brief, a "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of [her] sentence". In reply, Appellant has filed an amended brief containing a 2119(f) statement.

The issue before this court is whether the trial court erred in interpreting 18 Pa.C.S.A. § 7508(a)(3)(i) as preventing it from sentencing Appellant to a Program for Female Offenders. This is not a discretionary sentencing question. Rather it is a question of law and as such a 2119(f) statement is not required. The issue presented is not that the trial court chose one method of confinement over another available method. Rather, it is whether the statute prohibits such a choice. This question is similar to one challenging the computation of a prior record or offense gravity score. These issues are not discretionary. Therefore, we hold that a 2119(f) statement is not required and that where the issue is one of law, even though it impacts on a sentence, there exists a right of appeal. 42 Pa.C.S.A. § 9781(a).[2]

Having concluded that Appellant has a right of appeal we now reach the merits of her argument. 18 Pa.C.S. § 7508(c) specifically states, "[t]here shall be no authority in

---

**2.** While we are aware of certain unpublished decisions of this court that seem to indicate a 2119(f) statement is necessary where a similar claim has been made, we find that they did not address the question of whether the issue under review was a discretionary sentencing question. Having concluded it is not, we reach this result.

any court to impose on an offender to which this section is applicable a lesser sentence than provided for heroin or to place the offender on probation, parole, work release or prerelease or to suspend sentence." In the recent case of *Commonwealth v. Logan*, 404 Pa.Super. 100, 590 A.2d 300, *allocatur denied*, 528 Pa. 622, 597 A.2d 1151 (1991), this court specifically held that if it were to allow an appellant to serve her sentence in the Program rather than in a correctional facility, the requirements of § 7508(c) would not be met.

The Female Offender's Program is designed to provide alternative housing in the County Jail and supervision for work release. In light of the statutory proscription against probation, parole, work release, prerelease or suspended sentences detailed in 18 Pa.C.S.A. § 7508(c), the legislature clearly intended persons sentenced under § 7508(a)(3)(iii) to serve their sentence in prison, i.e., a state correctional facility. The legislature enacted the mandatory minimum sentencing statute to deter drug traffickers with the imposition of harsh penalties. See Legislative Journal, Senate, February 23, 1988, p. 1784.

*Id.,* 404 Pa.Super. 100, 105 n. 6, 590 A.2d 300, 302 n. 6 (1991).

We are therefore unpersuaded by Appellant's argument that the lower court erred in concluding that the statute prevented it from considering alternative punishment. Both the language of the statute and the legislative intent underlying it, compelled the trial court to reject Appellant's request. We therefore hold that the sentence of the trial court is affirmed.

JOHNSON, J., files a concurring and dissenting opinion.

JOHNSON, Judge, concurring and dissenting.

I join in so much of the opinion of the majority as concludes that the sentencing court correctly interpreted the mandatory drug sentencing provision of 18 Pa.C.S. § 7508 as prohibiting a sentence in the Program for Female Offenders, an alternative housing facility. However, I must agree with the Commonwealth that the appellant has not demonstrated that there exists a substantial question that the sentencing court abused

its discretion. Appellant has not properly invoked this court's review and the appeal should be dismissed.

In October 1989, Alonda Acie entered a counseled guilty plea to four counts of drug offenses: (1) cocaine possession, (2) possession with intent to deliver, (3) delivery, and (4) criminal conspiracy. On January 2, 1991, the Honorable W. Terrence O'Brien sentenced Acie to a term of imprisonment of one to three years at Muncy, assessed a fine of $5,000 and restitution of $400. Acie's sentence was stayed pending appeal and bond was continued.

Following a change of counsel and reinstatement of her appellate rights pursuant to the Post Conviction Relief Act, Acie now brings this delayed appeal from the January 1991 judgment of sentence.

In her Brief for Appellant filed September 23, 1991, Acie has failed to comply with the requirement of Pa.R.A.P. 2119(f) that a party seeking to challenge the discretionary aspects of sentencing "shall set forth in [her] brief a concise statement of the reasons relied upon for allowance of appeal." Acie did file a Reply Brief for Appellant on October 16, 1991 which contains a Rule 2119(f) statement.

The majority would hold that a Rule 2119(f) statement is not required, because:

> The issue before this court is whether the trial court erred in interpreting 18 Pa.C.S.A. § 7508(a)(3)(1) as preventing it from sentencing Appellant to a Program for Female Offenders. This is not a discretionary sentencing question. Rather it is a question of law and as such a 2119(f) statement is not required.

Majority opinion, pages 353–54. I cannot agree.

As Justice Zappala pointed out, speaking for the majority in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 510, 522 A.2d 17, 18 (1987):

> Appellate review of sentences is governed statutorily by Subchapter G of the Sentencing Code, 42 Pa.C.S. § 9781. It is not disputed that the sentence imposed in this case was legislatively permitted. Accordingly, the legality of the

sentence is not implicated and any appeal therefrom is not as of right under subsection (a). Rather subsection (b) providing for appeal of the discretionary aspects of sentences by allowance controls.

The sole issue, as posed by Acie in her Brief for Appellant, is:

DID THE LOWER COURT ERR IN NOT SENTENCING THE DEFENDANT TO ALTERNATE HOUSING WITH THE PROGRAM FOR FEMALE OFFENDERS?

The refusal to provide the defendant with alternative housing, while sentencing within the statutory limits for the crime involved, cannot raise a claim of illegality. And Acie does not attempt to make that argument on appeal. Since the challenge is limited to the discretionary aspects of the sentence, we must examine the statement filed pursuant to Pa.R.A.P. 2119(f) in Acie's Reply Brief in order to determine whether the appeal should be allowed. *Tuladziecki, supra* at 511, 522 A.2d at 19. "It is only where a party can articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Id.* at 515, 522 A.2d at 20.

In *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989) (en banc), quoting *Commonwealth v. Losch,* 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987), we said:

What constitutes a "substantial question" under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process.

*Williams,* 386 Pa.Super. at 324–325, 562 A.2d at 1387.

Acie's Concise Statement of Reasons Relied On For the Granting of an Allowance of Appeal Pursuant to Pa.R.A.P. 2119(f) does neither. The Concise Statement sets forth the crimes for which Acie was convicted and the penalties for each of those offenses. The Statement sets forth information rele-

vant to the Sentencing Guidelines, including prior record score, offense gravity score and guideline sentence ranges. After setting forth that factual data, without in any way disputing its accuracy, the Statement then goes on to set forth:

The delivery in this case involved a mixture containing cocaine whose weight was in excess of 2 grams, the court therefore imposed the mandatory minimum of one (1) to two (2) years imprisonment [sic] and a fine of $5,000.00 pursuant to 18 Pa.C.S. § 7508(a)(3)(i). No further sentence was imposed on the other counts.

The court abused its discretion in misinterpreting the case law and sentencing Ms. Acie to the Mandatory minimum and not sentencing her to the Program for Female Offender's [sic]. Where, as here, the court determined that the defendant would be entitled to such a sentence, in the absence of 42 Pa.C.S. § 7508, error in not imposing that sentence presents a substantial question that the legislatively promulgated sentencing scheme has been compromised and an appeal should be granted.

I cannot read the above Statement as claiming that Judge O'Brien's sentencing actions were inconsistent with any specific provision of the Sentencing Code. Nor can I understand Acie to be contending that imposition of the minimum mandatory sentence as required by statute is "contrary to the fundamental norms which underlie the sentencing process." The Motion for Reconsideration of Sentence sets forth, in pertinent part:

1. Defendant was sentenced by this Honorable Court.... to a period of one (1) to two (2) years of incarceration.
2. Defendant was ordered to serve said sentence at Muncy.
3. The Court erred in not allowing defendant to serve said sentence at the Program for Female Offenders.

The decision by Judge O'Brien to "not allow" Acie to serve her sentence in an alternative housing facility does not give rise to a substantial question that the sentence imposed is inappropriate, where the statute under which Acie was re-

quired to be sentenced provides for a "mandatory minimum term of imprisonment and a fine.... [of] one year in prison and a fine of $5,000." 18 Pa.C.S. § 7508(a)(3)(i).

The determination as to whether a substantial question exists must be made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence; otherwise the appellant obtains, in effect, an appeal as of right from the discretionary aspects of sentence. *Tuladziecki, supra,* 513 Pa. at 513, 522 A.2d at 19; *Commonwealth v. Gambal,* 522 Pa. 280, 286, 561 A.2d 710, 713 (1989); *Commonwealth v. Williams, supra,* 386 Pa.Super. at 327, 562 A.2d at 1387.

Where the Brief does not contain a Rule 2119(f) statement and the Reply Brief falls short of setting forth a substantial question within the Rule 2119(f) statement provided, I am constrained to conclude that allowance of appeal should be denied. Acie does not claim that Judge O'Brien considered any inappropriate factors. Nor does she claim that the trial court refused to consider appropriate factors. In claiming that Judge O'Brien abused his discretion "in misinterpreting the case law and sentencing Ms. Acie to the Mandatory minimum and not sentencing her to the Program for Female Offender's", (Reply Brief for Appellant at 4), appellant is doing nothing more than asking this Court to substitute its judgment for that of the sentencing court. This does not present a substantial question that the sentence was inappropriate under the Sentencing Code. *Commonwealth v. John,* 408 Pa.Super. 234, 245, 596 A.2d 834, 839–40 (1991); *Commonwealth v. Brown,* 402 Pa.Super. 365, 368, 587 A.2d 4, 5–6 (1991).

I would deny the allowance of appeal and dismiss it, while affirming judgment of sentence. Accordingly, I must dissent from the majority's finding that a right of appeal exists. *See Commonwealth v. McFarlin,* 402 Pa.Super. 502, 587 A.2d 732 (1991) *aff'd* 530 Pa. 167, 607 A.2d 730 (1992).