## Commonwealth v. Spadaccino

*Gayle M. Baker, deputy district attorney,* for the Commonwealth.

*Nicholas M. Mancini,* for defendant.

RUFE, *J.,* February 25, 1993—On August 20, 1991, the defendant Alan Spadaccino pleaded guilty to possession of cocaine, delivery of cocaine, possession of cocaine with intent to deliver and possession of drug paraphernalia. The defendant was sentenced to not less than three years nor greater than six years pursuant to the mandatory sentencing provisions of 18 Pa.C.S. §7508(a)(3)(ii). The defendant appeals this sentence to the Superior Court.

The underlying facts of this case can be summarized as follows: On January 9, 1991, the defendant met with undercover police officer John Rodgers and Sgt. Christopher Barry of the Bensalem Police Department. At that time the defendant sold to the undercover officer $160 worth of cocaine and inventoried a list of available drugs for sale. On January 10, 1991, officers of the Bensalem Police Department went to the residence of the defendant and executed a search warrant in the defendant's bedroom. They found 13.12 grams of cocaine in a black carrying case, a small amount of marijuana and 1 1/2 hits of LSD. They also found drug paraphernalia including plastic baggies, razor blades, a magazine with pages cut out for the purpose of preparing spindles or bundles for wrapping cocaine, marijuana seeds, pipes and clips. On August 20, 1991, the defendant pleaded guilty to possession of cocaine, delivery of cocaine, possession of cocaine with intent to deliver, and possession of drug paraphernalia. After a sentencing hearing on August 14, 1992, and November 16, 1992, this court sentenced the defendant to not less than three nor more than six years' imprisonment and a fine of $15,000, consistent with the mandatory minimum.

The three-year minimum imposed on the defendant is mandated by the sentencing provision in 18 Pa.C.S. §7508(a)(3)(ii). The issued presented by this appeal is whether the sentencing provision was properly applied.

Title 18 Pa.C.S. §7508(a)(3) states:

"A person who is convicted of violating section 13(a)(14), (30) or (37) of the Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

"(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least 10 grams and less than 100 grams, three years in prison and a fine of $15,000...."

Appellant contends that the Commonwealth did not establish by a preponderance of the evidence that the mandatory minimum was applicable. The defendant argues that of the 13.12 grams of cocaine found in his possession, roughly half was to be used for personal use and half was to be used for distribution. We find no merit in defendant's novel claim. At sentencing when applying 18 Pa.C.S. §7508(a)(3)(ii) we are required only to determine whether the Commonwealth established by a preponderance of the evidence that the cocaine which the defendant possessed weighed at least 10 grams and was less than 100 grams. *Commonwealth v. Jones,* 413

Pa. Super. 482, 605 A.2d 825 (1992). The Commonwealth produced ample evidence at the sentencing hearing that the exact weight of the cocaine in question was 13.12 grams. Therefore, this court found that the Commonwealth sustained its burden in showing that the mandatory minimum was applicable.

Defendant, after pleading guilty to possession with intent to deliver, now wishes to escape the mandatory minimum by requesting this court to disregard his guilty plea and re-examine the facts of the case in order to permit the court to impose a more lenient sentence. Such an act is not within our discretion. "[O]nce a party is found guilty, the adjudicated elements of the offense must be fully considered and cannot be disregarded when fashioning a sentence." *Id.* at 487, A.2d at 828. The defendant pleaded guilty to possession of cocaine with intent to deliver. The amount of cocaine found in his possession was 13.12 grams. By its express terms the mandatory sentencing provision applies when there has been a conviction for possession of a controlled substance with intent to deliver and the aggregate amount of the substance *is at least 10 grams.* (emphasis added) This court is not at liberty to re-examine the facts at the time of sentencing to permit a more lenient sentence.

We are bound by the clear language of the statute to impose the mandatory minimum three-year sentence. Therefore, we enter the following

### ORDER

And now, February 25, 1993, defendant Alan Spadaccino's motion for reconsideration of sentence is hereby denied.