566 A.2d 619

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Timothy BROWN.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1989.

Filed Nov. 22, 1989.

Deborah Fleisher, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Jeffrey P. Shander, Philadelphia, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

The Commonwealth appeals the Order placing Timothy Brown on probation. In this case we find that a defendant is not eligible for probation pursuant to 35 P.S. § 780–117 (section 17) and must be sentenced in compliance with the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508 (section 7508) where the defendant has committed a crime under 35 P.S. §§ 780–113(a)(14, 30) involving the type and quantities of substances set forth in section 7508. Accordingly, we vacate the judgment of sentence and remand for resentencing consistent with the mandatory minimum sentencing requirements.

On October 11, 1988, a Philadelphia police officer observed Brown make two drug sales. Thereafter, Brown was arrested and charged with Knowingly or Intentionally Possessing a Controlled Substance, and with the Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance. On November 1, 1988, the Commonwealth gave notice to the court that it intended to

proceed under the mandatory minimum sentencing requirements set forth in section 7508. On February 10, 1989, defendant entered a plea of *nolo contendere* to manufacture, delivery or possession with intent to manufacture or deliver in excess of two grams of cocaine. In addition, Brown demonstrated to the satisfaction of the court that he had a drug dependency. The court accepted Brown's plea and placed him on a conditional three years' probation pursuant to section 17. The minimum sentencing term of one year imprisonment and the fine of $5,000.00 mandated by section 7508 were not imposed.

The Commonwealth filed a Petition to Reconsider Section § 17 which was denied. The Commonwealth then appealed the order of probation pursuant to section 7508(d), which provides for appellate review of any sentence not in compliance with section 7508.

On appeal, the Commonwealth raises the following question: where the defendant pleads *nolo contendere* to violating 35 P.S. § 780–113(a)(30) of the Controlled Substance, Drug, Devise and Cosmetic Act, may the trial court circumvent the mandatory minimum sentencing provisions of section 7508 by sentencing the defendant to probation under section 17. This is an issue of statutory interpretation.

The section under which Brown was placed on probation, section 17, provides:

A person may be entitled to *probation without verdict* under the following circumstances:

(1) A person who has not previously been convicted of an offense under this act or under a similar act of the United States, or any other state, is *eligible for probation without verdict if he pleads nolo contendere or guilty to, or is found guilty* of, any nonviolent offense under this act. The court may, *without entering a judgment,* and with the consent of such person, defer further proceedings and place him on probation for a specific time period not to exceed the maximum for the offense upon such reasonable terms and conditions as it may require.

Probation without verdict shall not be available to any person who is charged with violating clause (30) of subsection (a) of section 13 of this act and who is not himself a drug abuser and who does not prove the fact of such drug abuse to the satisfaction of the court.

(2) Upon violation of a term or condition of probation, the court may enter a judgment and proceed as in any criminal case, or may continue the probation without verdict.

(3) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. *Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever,* including the penalties imposed for second or subsequent convictions: Provided, That probation without verdict shall be available to any person only once: And further provided, That notwithstanding any other provision of this act, the prosecuting attorney or the court, and the council, shall keep a list of those persons placed on probation without verdict, which list may only be used determine the eligibility of persons for probation without verdict and the names on such lists may be used for no other purpose whatsoever.

Act of April 14, P.L. 233, No. 64 § 17, eff. June 14, 1972; [emphasis added]. The mandatory minimum sentencing provision, section 7508, provides:

(a) General rule.—*Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:*

. . . .

(3) A person who is convicted of violating section 13(a)(14) or (30) of the The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or

is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) upon the first conviction when the amount of the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity and, upon conviction for another offense subject to sentencing under this section; three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

. . . .

(b) Proof of sentencing.—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence, and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) Mandatory sentencing.—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole, work release or prerelease or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission

on Sentencing shall not supersede the mandatory sentences provided herein. *Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.*

(d) Appellate review.—If a sentencing court refuses to apply this section *where applicable,* the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

Act of March 25, 1988, P.L. 262, No. 31 § 13, eff. July 1, 1988; [emphasis added].

The language of section 7508 evinces an unequivocal intent by the legislature that persons committing the drug offenses set forth under section 7508 be punished according to the minimum sentences set forth in that section. We pay particular attention to the language under the subsection entitled mandatory sentencing declaring that section 17 is inapplicable when the defendant comes within the purview of section 7508 and the prelude to section 7508 declaring that this section applies *notwithstanding any other provision of this or any other act to the contrary.*

Drawing from this language, both the trial court and Brown contend that the defendant does not come within the provisions of section 7508 unless he has been convicted and therefore, where the defendant has not been convicted, a section 17 disposition is still appropriate. The trial court and Brown's arguments misapprehend the meaning of the words "to which the section applies." Section 7508(c) must be read in light of the entire statute, particularly section 7508(b). The penalties set forth in section 7508 depend upon the type and amount of the substance involved. Therefore, section 7508(b) requires that the trial court find by a preponderance of the evidence that this section is applicable, meaning there must be a finding that the sub-

stance involved is of the type and quantity sought to be punished under the statute. Thus, where section 7508(c) uses the language "to which this section applies" it refers not to whether the offender has been convicted, but rather, to whether the offender has committed an offense involving the type and amounts of substance set forth under that section. Applying this interpretation, we conclude that section 7508 and section 17 are irreconcilable. Section 7508 removes from the trial court the discretion to place an offender on probation where the offender has committed the offenses set forth in section 7508.

The provisions of 1 Pa.C.S. § 1936 set forth the rule of construction where two statutes may not both be given effect:

> Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.

Section 17 was enacted April 14, 1972 whereas section 7508 was enacted almost sixteen years later on March 25, 1988. Accordingly, section 7508 as the later enacted statute overrides section 17 to the extent that the statutes overlap. Our determination that section 7508 overrides section 17 does not amount to an implied repeal of section 17. By its own terms, section 7508 will displace section 17 only where the defendant comes within section 7508: where the defendant has committed an offense under 35 P.S. §§ 780-113(a)(14, 30) involving the type and quantities of illicit substances set forth in section 7508. Persons committing drug offenses involving substances of a different type or of lesser quantities than those set forth in section 7508 do not come within this section and are not, by virtue of this section, denied a section 17 disposition.

For the foregoing reasons, we reverse the order of the trial court and remand for sentencing consistent with the minimum sentencing requirements.

Order vacated and case remanded. Jurisdiction relinquished.