613 A.2d 600

**COMMONWEALTH of Pennsylvania**

v.

**David Richard GIPPLE, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Argued June 3, 1992.

Filed Sept. 15, 1992.

120

Joseph M. Devecka, State College, for appellant.

Before MONTEMURO, KELLY and CERCONE, JJ.

KELLY, Judge.

In this case we are called upon to determine whether the imposition of mandatory fines in 18 Pa.C.S.A. § 7508 violates Article I, Section 13 of the Pennsylvania Constitution. We find that it does not and affirm.

The relevant facts and procedural history of this case are as follows. On March 29, 1990, the Huntingdon Borough Police conducted a sting operation. The police observed the appellant, David Gipple, in the middle of a drug transaction that involved 3.45 grams of cocaine. Later that evening, the Attorney General's Drug Task Force conducted a search of the appellant's home. As a result of the search, 11 grams of hashish, 474.3 grams of marijuana, 60.9 grams of cocaine, and $2,127.70 in cash were confiscated.

On March 30, 1990, the appellant was charged with two counts of possession with intent to deliver cocaine. Additionally, appellant was also charged with possession with intent to deliver marijuana and hashish as well as conspiracy.

The appellant pleaded guilty to all charges in a bargained plea. On October 3, 1990, appellant was sentenced to serve an aggregate term of not less than four years and three months nor more than twenty years imprisonment. Pursuant to 18 Pa.C.S.A. § 7508(a)(2)(i) & (ii), he was also given a mandatory fine totalling $20,000.00. No inquiry as to appellant's ability to pay the fine was made. A motion to modify sentence was filed and denied. This timely appeal followed.

On appeal, appellant challenges the constitutionality of 18 Pa.C.S.A. § 7508. Specifically, appellant contends that the mandatory imposition of fines regardless of a person's ability to pay violates the excessive fines provision of Article I, Section 13 of the Pennsylvania Constitution.[1] We cannot agree.

---

1. Appellant does not argue that a failure to examine one's ability to pay is violative of any legislative act. Although it is true that the general fine provision requires a sentencing court to inquire as to the ability to pay a fine imposed, 42 Pa.C.S.A. § 9726 does not apply to the mandatory fine provision of 18 Pa.C.S.A. § 7508. See *Commonwealth v. Brown*, 389 Pa.Super. 66, 566 A.2d 619 (1989).

Although the precise issue raised in this appeal has not been previously decided, it has been generally addressed. In *Commonwealth v. Church,*, 513 Pa. 534, 522 A.2d 30 (1987), the imposition of graduated fines for violation of the Motor Vehicle Code was challenged as violative of the Equal Protection Clause of the Fourteenth Amendment. Rejecting the lower court's reasoning, our Supreme Court, ruled that:

There is *no* constitutional requirement that invalidates the imposition of an otherwise valid fine merely because a defendant lacks the immediate ability to pay it, or would have difficulty in doing so.

*Commonwealth v. Church,* 513 Pa. at 540–41, 522 A.2d at 33–34. While the *Church* court's holding was limited to the challenge therein present, *i.e.* the constitutionality of the mandatory fine under the Fourteenth Amendment, its broad dictum is supported by further review of relevant case law.

In *Commonwealth v. Hoover,* 343 Pa.Super. 372, 494 A.2d 1131 (1985), this Court had occasion to consider whether the imposition of a mandatory fine regardless of the defendant's ability to pay violated the Due Process Clause. Upholding the law which required that the sentencing court impose a mandatory fine under such circumstances, this Court reasoned that:

Appellant's claim that section 1543(b) "rob[s him] of a fair procedure—indeed, any procedure—for determining how large a fine he is able to pay" (Appellant's Brief at 21), is meritless in light of 75 Pa.C.S. § 6504, which provides that the court may order installment payments where the defendant demonstrates his inability to pay a fine imposed under the Vehicle Code. Moreover, it is clear that appellant cannot be imprisoned for nonpayment of the fine if he establishes he is unable to pay. *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Commonwealth v. Farmer,* 319 Pa.Super. 542, 466 A.2d 677 (1983); *Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980); *see also* Pa.Crim.P. 65. Because relief is available to appellant if he is unable to pay the $1000 fine, we hold that § 1543(b) does not deny appellant due process.

*Commonwealth v. Hoover,* 343 Pa.Super. at 379–80, 494 A.2d at 1135 (footnote omitted).

In *Commonwealth v. Smith,* 409 Pa. 521, 187 A.2d 267 (1963), the imposition of fines for violation of the Motor Vehicle Code did not violate Article I, Section 13 of the Pennsylvania Constitution or the Eighth Amendment. In upholding the fine, our Supreme Court concluded that:

> The fine provision, of course, is designed to deter potential violators. It was quite evident to the 1955 session of the legislature that the $50 fine *for each violation,* imposed by the previous act, was not serving this function since the profits accruing from the excess loads more than compensated for the penalty inflicted. That legislature, therefore, decided to increase the amount of the fines and to graduate them according to the amount of the overweight, instead of imposing a flat rate for each violation. *Such a decision was not irrational or unreasonable,* but on the contrary was quite sensible, *and hence there is no merit to appellant's contention. Cf. People v. Magoni,* 73 Cal.App. 78, 238 P. 112 (1925).

*Commonwealth v. Smith,* 409 Pa. at 525–26, 187 A.2d at 270 (emphasis added).

Taken together, *Smith* and *Hoover* confute appellant's claim herein. The mere fact that the court did not inquire into appellant's ability to pay is irrelevant to the question of whether the fine is excessive. Such an argument is more properly characterized as a challenge to appellant's due process rights. *See Commonwealth v. Hoover, supra.* Rather, the dispositive inquiry in determining whether a mandatory fine is violative of Article I, Section 13 of the Pennsylvania Constitution revolves solely around the question of whether, under the circumstances, the fine is "irrational or unreasonable." *See Commonwealth v. Smith, supra.*

■ Instantly, there is nothing within the legislature's decision to impose a mandatory minimum fine under these circumstances which is "irrational or unreasonable." Fines further two important fundamental purposes in our society. *Mastrangelo v. Buckley,* 433 Pa. 352, 250 A.2d 447 (1969). Fines

not only punish those that violate the law but they also "deter future or continued violations." *Id.,* 433 Pa. at 386, 250 A.2d at 464. Moreover, because a fine,

> serves not only as punishment but also as a deterrent, the amount of the fine can be raised to whatever sum is necessary to discourage future use or continued violations, subject, of course, to any restrictions imposed on the amount of the fine by the enabling statute or the Constitution.

*Id.,* 433 Pa. at 386, 250 A.2d at 464.

In *Commonwealth v. Logan,* 404 Pa.Super. 100, 590 A.2d 300 (1991), this Court held that, "[w]hile in general, sentencing is within the broad discretion of the trial court, 18 Pa.C.S.A. § 7508 does not unconstitutionally infringe upon the sentencing prerogative of the judiciary, as it is the province of the legislature to prescribe punishment for crimes." *Id.,* 404 Pa.Superior Ct. at 104, 590 A.2d at 301–302. In enacting the mandatory fine provisions of § 7508, the legislature evidenced the desire to punish drug dealers by having them reach into the large profits they had accumulated during their illegal activity and turn specific sums, proportionate to the size of the drug distribution operation, over to the Commonwealth. Evidence of this may be found in § 7508(e), which deals with those assets subject to a forfeiture petition, which are exempt from the mandatory fine provisions. Thus, the legislature has provided several ways to attack the assets dealers accumulate over the course of their illegal trafficking.

■ A panel of this Court recently recognized that:

> The destructive character of such activity [drug sales] to the well being of society is so well documented as not to require further documentation here. To ignore the provisions established by law for controlling and hopefully deterring such behavior brings the judicial process into question and undermines the confidence of society in the judiciary, while bringing solace and encouragement to the drug peddlers.

*Commonwealth v. Rosario,* 400 Pa.Super. 505, 583 A.2d 1229 (1990); *see also Commonwealth v. Ramos,* 392 Pa.Super. 583, 586–87, 573 A.2d 1027, 1029–30 (1990).[2]

Simply put, there is no evidence to suggest that Article I, Section 13 of the Pennsylvania Constitution is in anyway offended when those properly and justly convicted of drug dealing are sentenced to pay for the price they cost society. Appellant's constitutional challenge must, therefore, fail.

Judgment of sentence affirmed.

2. Appellant's argument that the statute is unconstitutional because it penalizes drug lords and their minions equally, is simply specious. Whatever the rank appellant had reached in his ring of drug conspirators, the fact remains that he was convicted of being a drug *dealer*. This status was sufficient to entitle him to receive the mandatory fine contemplated by the legislature. We can conceive of nothing "irrational or unreasonable" about the legislature's failure to make distinctions between particular levels of drug dealers.