J-S66035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| REYNALDO ADOLFO SUAREZ, | : | |
| | : | |
| Appellant | : | No. 960 MDA 2014 |

Appeal from the Order entered on May 5, 2014
in the Court of Common Pleas of Berks County,
Criminal Division, No. CP-06-CR-0004549-2009

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 18, 2014**

Reynaldo Adolfo Suarez ("Suarez") appeals, *pro se*, from the Order denying his "Motion to Discontinue Payment of Costs and Fines" (hereinafter "Fines Motion"). We affirm.

In April 2010, a jury convicted Suarez of several drug-related offenses, including possession with intent to deliver a controlled substance ("PWID") and possession of a firearm with an altered manufacturer's number.[1] A few days later, the Commonwealth gave Suarez Notice of its intent to seek the imposition of a mandatory minimum sentence, pursuant to 18 Pa.C.S.A.

---

[1] The convictions arose out of a drug raid of a residence occupied by Suarez and several others (hereinafter "the residence"), in which the police found, among other things, a large amount of cocaine (in excess of ten grams), marijuana, packaging materials and weapons. This Court fully set forth the facts in its Memorandum issued in connection with Suarez's direct appeal. *See Commonwealth v. Suarez*, 40 A.3d 182 (Pa. Super. 2011) (unpublished memorandum at 1-4).

§ 7508(a)(3)(ii) (governing drug trafficking sentencing and penalties), of at least three years in prison plus a mandatory fine of $15,000.00.  In June 2010, the trial court sentenced Suarez to an aggregate term of five to ten years in prison, and imposed a fine of $15,000.00 (hereinafter referred to as "the fine").  Suarez did not file a post-sentence motion challenging his sentence or the fine.

Although Suarez failed to timely file a direct appeal, this Court permitted him to file a Notice of Appeal *nunc pro tunc*, after which this Court affirmed his judgment of sentence.  **See Suarez**, 40 A.3d 182 (unpublished memorandum).  Suarez did not seek allowance of appeal with the Pennsylvania Supreme Court.

In November 2012, Suarez filed a timely counseled Petition for relief under the Post Conviction Relief Act ("PCRA").[2]  The PCRA court subsequently dismissed Suarez's PCRA Petition, and Suarez filed a *pro se* appeal.  On July 28, 2014, this Court vacated the Order dismissing Suarez's PCRA Petition and remanded for the PCRA court to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Suarez's decision to proceed with his appeal *pro se* was knowing, intelligent and voluntary.  **See Commonwealth v. Suarez**, 2076 MDA 2013 (Pa. Super. filed July 28, 2014) (unpublished memorandum).

---

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

While the appeal was pending, on April 1, 2014, Suarez, proceeding *pro se*, filed the Fines Motion, asserting that the fine is unconstitutionally excessive and that the trial court deprived him of due process by failing to conduct a hearing to determine whether he has the ability to pay the fine. By an Order dated May 5, 2014, the trial court denied the Fines Motion, without conducting a hearing. Suarez timely filed a *pro se* Notice of Appeal.

On appeal, Suarez presents the following issue for our review: "Did the trial court err in imposing a non-mandatory $15,000.00 fine without inquiring as to [Suarez's] ability to pay, thereby violating the 8th and 14th Amendments [to the United States Constitution]?" Brief for Appellant at 5 (capitalization omitted).

Due process challenges, and challenges that a fine is excessive under our state and national Constitutions, involve a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Eisenberg*, 2014 Pa. LEXIS 2106, **25-26 (Pa. Aug. 19, 2014); *Commonwealth v. Brown*, 52 A.3d 1139, 1162 (Pa. 2012).

Initially, the Commonwealth argues that the trial court lacked jurisdiction to address Suarez's claim for two reasons: (1) Suarez failed to preserve any challenge to the fine component of his sentence because he never filed a post-sentence motion, and did not challenge the fine until four years after his judgment of sentence was imposed; and (2) since this claim implicates the legality of Suarez's sentence, which is a cognizable claim

under the PCRA, Suarez should have raised it under the PCRA, but such claim was not filed within the PCRA's jurisdictional time limitation. *See* Brief for the Commonwealth at 8-11. Despite the Commonwealth's contentions, we, like the trial court, will briefly address the merits of Suarez's claim.

Suarez argues that the trial court deprived him of due process by imposing the fine without conducting a hearing to determine his ability to pay. *See* Brief for Appellant at 9-11. Suarez points to 42 Pa.C.S.A. § 9726(c)(1), the general fines provision in the Judicial Code, which provides that "[t]he court shall not sentence a defendant to pay a fine unless it appears of record that[] ... the defendant is or will be able to pay the fine ...." Brief for Appellant at 10. Additionally, Suarez asserts that the fine was not mandatory. *Id.* at 9, 10. Suarez further "avers that [the] fine was excessive, in light of the evidence which negated his direct participation in the sale of narcotics ...." *Id.* at 9; *see also id.* (wherein Suarez argues that he "does not dispute that mandatory fines may be valid as a punitive and deterrent measure against drug trafficking offenders. However, he does dispute that the amount of this non-mandatory fine[,] based solely on constructive possession, as opposed to actual possession or sales[,] is excessive and violative of the Eighth Amendment.").

First, it is clear that the fine was, in fact, mandatory. Section 7508 of the Crimes Code provides, in pertinent part, as follows:

**(a) General rule.**-- Notwithstanding any other provisions of this or any other act to the contrary, the following provisions **shall** apply:

\* \* \*

(3) A person who is convicted of violating section 13(a)(14), (30)[, *i.e.*, PWID,] or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves … **shall**, upon conviction, **be sentenced to a mandatory** minimum term of imprisonment and a **fine as set forth in this subsection**:

\* \* \*

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and **a fine of $15,000** or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S.A. § 7508(a)(3)(ii) (emphasis added). Accordingly, the sentencing court in the instant case was statutorily required to impose the fine.

Additionally, after review, we find no merit to Suarez's due process challenge or his claim that the fine is excessive and unconstitutional.[3] In its Opinion issued in support of the Order denying the Fines Motion, the trial court discussed Suarez's claims and the applicable law, stating as follows:

[Concerning Suarez's due process challenge, a]lthough it is true that the general fine provision[, 42 Pa.C.S.A. § 9726(c)(1)],

---

[3] Suarez concedes that "[h]ad th[e] fine been a mandatory one imposed pursuant to [section] 7508, [Suarez's] argument may not survive a Constitutional challenge." Brief for Appellant at 10.

- 5 -

requires a sentencing court to inquire as to the ability to pay a fine imposed, [section] 9726 does not apply to the mandatory fine provisions of 18 Pa.C.S.A. § 7508. *See Commonwealth v. Brown*, 566 A.2d 619[, 621] (Pa. Super. 1989). For this reason, [Suarez's] right to a hearing to determine his ability to pay is not afforded.

[Suarez] further claims that the excessive fine imposed violates Article I, Section 13 of the Pennsylvania Constitution and the Eighth Amendment to the United States Constitution. [Suarez] finds the mandatory fine to be excessive [because] there was no evidence presented at trial that he was actively engaged in drug dealing nor that he sold narcotics to anyone.

In *Commonwealth v. Gripple*, 613 A.2d 600 (Pa. Super. 1992), the Superior Court held [that] "[t]here is no constitutional requirement that invalidates the imposition of an otherwise valid fine merely because a defendant lacks the immediate ability to pay it, or would have difficulty in doing so." *Id.* at 601 [(citation and emphasis omitted)]. The [C]ourt went on to state that "there is no evidence to suggest that Article I, Section 13 of the Pennsylvania Constitution is in anyway offended when those properly and justly convicted of drug dealing are sentenced to pay for the price they cost society." *Id.* at 603. Furthermore, the evidence presented at [Suarez's] trial clearly supports the finding that [Suarez] was actively engaged in drug dealing.[4] …

[Suarez] final[ly] claim[s] [] that the purpose of the imposition of fines established by the Legislature are believed to be unwarranted in his case because he was not actively engaged in drug trafficking.

In *Commonwealth v. Logan*, 590 A.2d 300 (Pa. Super. 1991), the Pennsylvania [Superior] Court held that, "while, in general, sentencing is within the broad discretion of the trial court, 18 Pa.C.S.A. § 7508 does not unconstitutionally infringe upon the sentencing prerogative of the judiciary, as it is the

---

[4] In Suarez's direct appeal, this Court rejected his challenge to the sufficiency of the evidence supporting his convictions, determining that the trial court properly found that Suarez constructively possessed the drugs found in the residence. *See Suarez*, 40 A.3d 182 (unpublished memorandum at 6-8).

province of the legislature to prescribe punishment for crimes." [**Logan**,] 590 A.2d 301-[]02.  In **Gripple**, the [C]ourt affirmed **Logan** by reiterating that by imposing such fines under [section] 7508, the legislature has exhibited its "desire to punish drug dealers by having them reach into the large profits they had accumulated during their illegal activity and turn specific sums, proportionate to the size of the drug distribution operation, over to the Commonwealth."  **Id.** at 602.  In light of the evidence provided at trial, it is clear that [Suarez] was actively engaged in drug dealing[.  T]he fine[] established by the legislature in this matter [is] far from unwarranted considering the amount of contraband retrieved from … the residence[].

Trial Court Opinion, 5/9/14, at 4-5 (unnumbered; footnote added).  We agree with the trial court's rationale, which is supported by the law, and affirm on this basis in rejecting Suarez's claim.  **See id.**

Based upon the foregoing, we discern no error of law by the trial court and we thus affirm the Order denying Suarez's Fines Motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2014