J-S44032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRY BRIAN KRESS | : | |
| | : | |
| Appellant | : | No. 532 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 26, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002720-2019

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:              **FILED NOVEMBER 18, 2020**

Appellant, Terry Brian Kress, appeals from the judgment of sentence entered in the York County Court of Common Pleas following his jury conviction of driving while operating privileges are suspended, third or subsequent offense.[1]  He asserts the court erred, under 42 Pa.C.S. § 9726(c),[2] in imposing a $2,525 fine in the absence of evidence establishing his ability to pay.  We affirm.

On February 8, 2019, York City Police Officers Stephen Pickel, Daniel Kling, and Justin Main stopped Appellant while driving for failing to have an operational,

---

[1] 75 Pa.C.S. § 1543(a), (b)(1)(iii).  Appellant was also convicted of violating "general lighting requirements," 75 Pa.C.S. § 4303(b).

[2] **See** 42 Pa.C.S. § 9726(c)(1) ("The court shall not sentence a defendant to pay a fine unless it appears of record that . . . the defendant is or will be able to pay the fine.").

passenger-side brake light. N.T. Trial, 1/22/20, at 111, 114-15. Officer Pickel learned that Appellant's license was suspended.

On May 16, 2019, Appellant was charged. The case proceeded to a jury trial on January 23, 2020. Appellant stipulated that his driving privileges were suspended at the time of the incident and that he had previously been found guilty of "three or more prior convictions for driving under suspension" under Section 1543(b) of the Pennsylvania Vehicle Code.[3] N.T., 1/22/20, at 86. However, Appellant testified his brake light was functional, and that his vehicle was already parked when the officers approached him. *Id.* at 141-42. The jury returned a guilty verdict on the charge of driving while suspended, and the trial court found Appellant guilty of violating general lighting requirements. *Id.* at 176, 178.

The trial court conducted sentencing on February 26, 2020. We note it had the benefit of a pre-sentence investigation report (PSI). N.T. Sentence H'rg, 2/26/20, at 3 ("I got the PSI. I have considered its contents."). The Commonwealth disclosed the driving while suspended conviction was Appellant's **sixteenth**.[4] *Id.* at 2. The Commonwealth also stated this conviction carries a mandatory minimum sentence of six months' incarceration and a $2,500 fine. *Id.*; *see also* 75 Pa.C.S. § 1543(b)(1)(iii). Appellant asked the court, however, to waive "the mandatory fine

---

[3] 75 Pa.C.S. §§ 101-9802.

[4] We note, however, the trial court opinion states: "[Appellant's] PSI lists five prior DUS convictions, this being [Appellant's] **sixth**." Trial Ct. Op., 5/8/20, at 3 n.1 (emphasis added).

and court costs." N.T., 2/26/20, at 2. Appellant's counsel explained Appellant's primary source of income is social security and argued, "[a]s it says in the PSI, he has enough to cover his bills, but there's nothing left over. If the mandatory fine and costs are imposed, we are just setting him up for failure going forward. He is never going to make ends meet." *Id.* The trial court responded,

> I'm going to need you, after today, to file something, just an oral representation is not enough. I need to know the budget. I need to know what he pays for stuff in writing. It doesn't have to be fancy. You know, what he has coming into the house? What does he got going out. Then I have a factual record on which I can make a ruling.

*Id.* at 2-3.

The trial court then imposed a sentenced of six to twelve months' house arrest, a mandatory fine of $2,500 for the driving while operating privilege is suspended violation, and a $25 fine for the brake-lights violation. N.T., 2/26/20, at 6-7. Before concluding the hearing, the trial court reiterated,

> The defense is going to submit that budget to me within the next ten days, and, along with submitting that budget, they can submit a proposed order for me to modify this sentence to remove the $2500 fine and court costs, and if the budget supports what the defense has indicated here today, I would be inclined to do that.

*Id.* at 7.

Appellant, however, did not file a post-sentence motion. Instead, he filed a timely notice of appeal on March 26, 2020. The court granted Appellant's motion to proceed *in forma pauperis* on March 30, 2020, and ordered a Pa.R.A.P. 1925(b) statement. Appellant filed a timely Rule 1925(b) statement on April 17, 2020, arguing the court erred in imposing $2,525 in fines in the absence of evidence

- 3 -

establishing his ability to pay. The trial court issued an opinion on May 18, 2020, explaining the fine was "statutorily required" under, *inter alia*, 75 Pa.C.S. § 1543(b)(iii), "which [does] not require an inquiry into a [d]efendant's ability to pay." Trial Ct. Op. at 3. The court further reasoned that it "had the benefit of a pre-sentence investigation (PSI) report and knew how much . . . Appellant claimed as income and determined him able to pay." *Id.* at 2.

For ease of review, we first set forth the statutory provisions at issue in this appeal. Section 1543(b)(1)(iii) of the Vehicle Code, upon which the trial court relied, states:

> A third or subsequent violation of [driving while operating privilege is suspended or revoked] shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person **shall** be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.

75 Pa.C.S. § 1543(b)(1)(iiii) (emphasis added).

Meanwhile, Subsection 9726(c) of the Sentencing Code,[5] upon which Appellant relies, provides in part:

> The court shall not sentence a defendant to pay a fine unless it appears of record that:
>
> (1) the defendant is or will be able to pay the fine[.]

42 Pa.C.S. § 9726(c)(1).

Appellant presents one issue to this Court:

---

[5] 42 Pa.C.S. §§ 9701-9913.

> Did the trial court impose an illegal sentence in ordering [Appellant] to pay $2,525 in fines where the record included **no evidence** that [Appellant] could afford to pay the fines imposed?

Appellant's Brief at 4 (emphasis added). Appellant alleges his sentence is illegal, and that 42 Pa.C.S. § 9726(c) imposes "an important restriction" on the court's ability to impose a fine. *Id.* at 9 ("'The court shall not' impose a fine 'unless it appears of record . . . the defendant is or will be able to pay . . . .'"), *quoting* 42 Pa.C.S. § 9726(c). Appellant insists that Subsection (c) "creates an exception to . . . 'mandatory' fines such that they are mandatory only if the defendant can afford them." *Id.* at 15. Appellant concedes "that the fines assessed here are mandatory in . . . that the statutes creating them say they 'shall' be imposed,'" *id.*, but asserts Section 9726(c) and Section 1543(b)(1)(iiii) are not irreconcilable because they may be "harmoniz[ed]" by a reading that the mandatory fines "must be imposed unless the defendant cannot afford them." *Id.* 15-17 (emphasis omitted), *citing* 1 Pa.C.S §§ 1932(b) ("Statutes in pari materia shall be construed together, if possible, as one statute.") 1933 ("Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision . . . ."). Additionally, Appellant urges this Court to overrule or distinguish **Commonwealth v. Cherpes**, 520 A.2d 439 (Pa. Super. 1987), which held that as a general provision, Section 9726(c) could not prevail over a specific penalty provision. Appellant also argues "evidence as to [his]

financial condition showed" he could not pay the fines, where "his monthly expenses were greater than the amount he received monthly in SSI." Appellant's at 11 (footnote omitted); Appellant's Reply Brief at 8.

The Commonwealth argues Appellant's sentence was legal. Commonwealth's Brief at 10. It maintains Subsection 9726(c)'s ability-to-pay inquiry is required only for non-mandatory fines. *Id.* at 14, *citing* **Commonwealth v. Ford**, 217 A.3d 824 (Pa. 2018).[6] The Commonwealth asserts Section 1543(b)(1)(iii),governing Appellant's fines, "mandate[s] that, upon conviction, a defendant 'shall' pay . . . ." *Id.* at 12. Next, the Commonwealth argues Appellant's contention is not that the record contains no evidence of his ability to pay, but instead that the trial court abused its discretion by giving improper weight to the PSI. The Commonwealth then contends Appellant has waived his claim by failing to file a post-sentence motion or request for modification. *Id.* at 16, 18.

We first note our jurisdiction and standard of review. A claim that the sentencing court failed to consider a defendant's ability to pay before the imposition of fines is one that implicates the legality of a sentence. **Commonwealth v. Boyd**, 73 A.3d 1269, 1271 (Pa. Super. 2013) (*en banc*). These claims are non-waivable "if the defendant alleges that there was no evidence of record concerning the

---

[6]The Commonwealth states, "[the] ability to pay requirement does not apply to **nonmandatory** fines." Commonwealth's Brief at 14 (emphasis added), *citing* **Ford**, 217 A.3d at 827. However, we note the cited passaged in **Ford** properly reads, "9726(c) does not apply to **mandatory** fines." **Ford**, 217 A.3d at 827, *citing* **Commonwealth v. Gipple**, 613 A.2d 600, 601 n.1 (Pa. Super. 1992).

defendant's ability to pay." ***Id.*** at 1270. Appellant's claim, that "the record included no evidence that [Appellant] could afford to pay . . . ," challenges the legality of his sentence and thus is not waived, despite Appellant's not having raised the issue before the trial court or in a post-sentence motion. ***See Boyd***, 73 A.3d at 1270-71; Appellant's Brief at 4.

A trial court is not required to consider a defendant's ability to pay when imposing mandatory fines. ***Ford***, 217 A.3d at 827, *citing* ***Gipple***, 613 A.2d at 601 n.1. In ***Ford***, the Supreme Court considered whether Section 9726(c) of the Sentencing Code's ability-to-pay prerequisite is satisfied when a defendant agrees to pay a fine as part of a negotiated guilty plea agreement. ***Ford***, 217 A.3d at 825. The defendant's plea agreement included one mandatory fine and three discretionary fines.[7] ***Id.*** at 828. The defendant later filed a Post Conviction Relief Act[8] (PCRA) petition alleging that "because the trial court 'did not conduct a hearing or find facts related to [his] ability to pay the fines,'" his sentence was illegal. ***Id.*** at 826. The PCRA court dismissed the petition, citing Section 9726(c) and finding "that no hearing was required . . . because the specific fines imposed were mandated by statute . . . ." ***Id.*** at 827.

---

[7] In fact, two of the defendant's fines were mandatory. ***Ford***, 217 A.3d at 827-28. However, on one of these mandatory fines, the trial court imposed an "substantially" more than the statutory minimum, and thus it was treated like a discretionary fine. ***Id.*** at 828.

[8] 42 Pa.C.S. §§ 9541-9545.

The Pennsylvania Supreme Court concluded "the plain language of [Section 9726(c)] is clear: trial courts are without authority to impose **non-mandatory fines** absent record evidence that the defendant is or will be able to pay them." *Id.* at 829 (emphasis added). With respect to a **mandatory** fine, however, the Court noted a defendant "was not entitled to a hearing regarding his ability to pay the DUI fine." *Id.* at 827-28, *citing* ***Gipple***, 613 A.2d at 601 n.1.

In this case, the trial court found Appellant's "fine was statutorily required" by Section 1543(b)(iii). Trial Ct. Op. at 2-3. The trial court concluded Section 9726(c) was inapplicable, reasoning that "the case at hand does not allow for an inquiry into the [Appellant's] ability to pay his fine." *Id.* at 3. Pursuant to ***Ford***, we agree. **See** ***Ford***, 217 A.3d at 827. Thus, Appellant's claim of an illegal sentence is meritless.

Moreover, we note Appellant's claim is contradicted by the sentencing transcript and his own argument on appeal. As his brief concedes, the trial court did hear, at sentencing, evidence of his income and ability to pay. Not only did the trial court have the benefit of a PSI, Appellant's counsel explained, on record, "[a]s it says in the PSI, he has enough to cover his bills, but there's nothing left over." N.T., 2/26/20, at 2-3. We note the trial court initially permitted Appellant to submit, post-sentencing, a "budget" showing his ability to pay. *Id.* at 2, 7. However, in its opinion, the court properly concludes Section 1543(b)(iii) "does not allow for an inquiry into [his] ability to pay his fine." **See** Trial Ct. Op. at 3, 4 n.2.

Finally, we consider Appellant's urging this Court to overturn or distinguish *Cherpes*, 520 A.2d 439, which held a statute[9] setting forth a mandatory penalty was "specific," and thus "prevail[ed] over the more general provision in [Section] 9726(c)." *See Cherpes*, 520 A.2d at 449. However, this panel is without the authority to overturn another panel decision. *Commonwealth v. Beck*,78 A.3d 656 (Pa. Super. 2008) (three-judge panel of this Court "is not empowered to overrule another panel of the Superior Court"). In any event, we conclude *Cherpes'* analysis of Section 9726(c) directly applicable to this case — that as a general provision, Section 9726(c) cannot prevail over a specific penalty provision. *See Cherpes*, 520 A.2d at 449. We also reject Appellant's argument *Cherpes* does not apply merely because the court in that case did not use the words "irreconcilable."

For the foregoing reasons, we hold that the trial court did not err in ordering Appellant to pay fines.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/18/2020</u>

---

[9] *Cherpes* considered now-repealed Section 409(c) of Title 65, "which requires a penalty equal to three times the amount gained through violation of the State Ethics Act." *See Cherpes*, 520 A.2d at 449.