J-A14018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCIA MARTHA DINARDO | : | |
| | : | |
| Appellant | : | No. 863 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 14, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001142-2018

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: APRIL 30, 2021**

Marcia Martha Dinardo appeals the judgment of sentence entered following her summary convictions for cruelty to animals. She argues that the trial court erroneously imposed fines without first determining her ability to pay. We affirm.

On appeal for a trial *de novo* of Dinardo's summary convictions, the trial court found her guilty of three counts of animal cruelty.[1] The facts giving rise to the convictions are as follows:

> [O]n several occasions, officers visited [Dinardo's] then residence and found over 100 cats, both dead and alive, living in deplorable conditions. Of the cats that were alive, 49 were taken by the officers and eight had to be euthanized. The residence was ultimately condemned and [Dinardo] has since moved in with her daughter and fiancé.

---

[1] 18 Pa.C.S.A. § 5511(c)(1) (repealed, effective August 27, 2017).

Trial Ct. Op., filed 11/01/19, at 1.

The trial court, on January 14, 2019, imposed a consecutive sentence of 90 days probation and a mandatory fine of $750, at each of the three counts. *See* 18 Pa.C.S.A. § 5511(m.1) ("[A] person convicted of a summary offense under this section **shall** pay a fine of not less than $50 nor more than $750 or to imprisonment for not more than 90 days, or both") (emphasis added). Subsequently, on January 25, 2019, Dinardo filed a post-sentence motion challenging the court's imposition of fines without first determining her ability to pay. She amended her post-sentence motion on February 25, 2019, to raise additional claims not at issue in this appeal.

Before the trial court had ruled on her post-sentence motions, on March 18, Dinardo filed a Post Conviction Relief Act ("PCRA") petition seeking reinstatement of Dinardo's appellate rights *nunc pro tunc*. The trial court granted the petition and Dinardo filed a timely notice of appeal. *See* Order of Court, filed 6/7/19. Approximately three and a half months later, in September 2019, the trial court directed that its rejection of Dinardo's ability-to-pay claims relating to another docket number, following hearings in June 2019, should have also applied to the instant docket.

On appeal, Dinardo raises the following claims:

I.  Was the trial court divested of jurisdiction by virtue of filing the appeal, well before the hearing on [Dinardo's] Post-Sentencing Motion and Amended Post-Sentencing Motion at CP-02-CR-4090-2018 on June 3, 2019, June 18, 2019 and July 11, 2019?

II.  Was the trial court's sentence illegal because it imposed a fine on [Dinardo] without making the mandated determination of her ability to pay those fines pursuant to 42 Pa. C.S. § 9726(c) and (d), which prohibit a court from imposing any mandatory or discretionary fine without considering [Dinardo's] ability to pay?

III.  Was the trial court's sentence illegal because it imposed a fine on [Dinardo] without determining if it would prevent [Dinardo] from making restitution or reparation to the victim of the crime pursuant to 42 Pa.C.S. § 9726(c)?

Dinardo's Br. at 3 (order of issues revised).

We address Dinardo's second issue first. She argues that the trial court improperly failed to make a finding regarding her ability to pay when it imposed the fines, allegedly in contravention of 42 Pa.C.S.A. § 9726. This claim is meritless.

Section 9726 addresses the imposition of fines as sentences. Subsections (a) and (b) state general rules permitting a sentence of a fine alone or a sentence that includes a fine as an adjunct to other punishment. Subsection (c) provides an exception: "The court shall not sentence a defendant to pay a fine unless it appears from the record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S.A. § 9726(c). Subsection (d) adds that "[i]n determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." 42 Pa.C.S.A. § 9726(d).

However, Subsection (c), on which Dinardo's argument rests, does not apply to mandatory fines. ***See Commonwealth v. Gipple***, 613 A.2d 600, 601 n.1 (Pa.Super. 1992). ***Cf. Commonwealth v. Ford***, 217 A.3d 824, 829 (Pa. 2019) ("[T]he plain language of the statute is clear: trial courts are without authority to impose **non-mandatory fines** absent record evidence that the defendant is or will be able to pay them." (emphasis added)).

Dinardo's argument thus lacks merit. The offense to which she pled guilty requires a sentence that includes a mandatory fine: "In addition to any other penalty provided by law, a person convicted of a summary offense under this section **shall** pay a fine of not less than $50 nor more than $750 or to imprisonment for not more than 90 days, or both." 18 Pa.C.S.A. § 5511(m.1) (emphasis added). The statute's use of the word "shall" tells us that the fine was mandatory. "By definition, 'shall' is mandatory." ***Oberneder v. Link Computer Corp.***, 696 A.2d 148, 150 (Pa. 1997). Subsection 9726(c) thus did not apply, and the trial court was not required to consider Dinardo's ability to pay. ***Gipple***, 613 A.2d at 601 n.1.

Her other two claims likewise do not merit relief. Her first issue – that the trial court lacked jurisdiction post-appeal to determine her ability to pay – is moot, since the trial court had no duty to make any such determination. Her third claim is waived. She attempts to incorporate by reference an argument she made in another appeal. ***See Commonwealth v. Dinardo***, No. 1058 WDA 2019, 240 A.3d 965 (Pa.Super. 2020) (unpublished memorandum). A party cannot incorporate the contents of another document

into her brief on appeal, but rather must fully develop her position in her appellate brief addressed to this Court. ***See Commonwealth v. Rodgers***, 605 A.2d 1228, 1239 (Pa.Super. 1992) (stating that an appellate brief is not an appropriate vehicle for the incorporation by reference of matter appearing in previously filed legal documents). Her improper reference to her brief in another appeal results in her argument on this issue in this appeal being inadequately developed, and we decline to address it. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2021