J-S34020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDERSON E. MCFARLAND I | : | |
| | : | |
| Appellant | : | No. 233 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 15, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001266-2022

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                         **FILED: JANUARY 5, 2026**

Anderson E. McFarland I[1] ("McFarland") appeals the judgment of

sentence entered following his convictions for, *inter alia*, driving under the

influence of alcohol or a controlled substance ("DUI") and driving while

operating privileges are suspended or revoked ("DUS"),[2] asserting the court

improperly imposed a fine without determining his ability to pay. Because

McFarland's mandatory fine did not require an assessment of his ability to pay,

we affirm.

_____

[1] We note McFarland is referred to as "Anderson McFarland," "Anderson E.
McFarland," and "Anderson E. McFarland I" interchangeably throughout the
record. For clarity, we refer to him as "Anderson E. McFarland I" here, and
"McFarland" throughout.

[2] ***See*** 75 Pa.C.S.A. §§ 3802, 1543.

The facts and procedural history are as follows:

On September 3, 2021, Pennsylvania State Police Trooper Jonathan Lear [("Trooper Lear")] was patrolling the area of Route 30 in York, Pennsylvania. [Trooper Lear] observed a white Lincoln MDX approach a red stoplight, stop for approximately one minute[,] and then proceed to make a U-turn. [Trooper Lear] began to follow the vehicle and while following the vehicle[] observe[d] several traffic violations including speeding, weaving within its lane of travel, and touching the white line. [Trooper Lear] then initiated a traffic stop of the vehicle.

[Trooper Lear] approached the vehicle and smelled a strong odor of alcoholic beverages emanating from inside the vehicle. He observed [McFarland] to have glassy, blood[]shot eyes and slurred speech while interacting with him during the traffic stop. [Trooper Lear] asked for identification from [McFarland] multiple times, who refused to provide such identification. [Trooper Lear] and Trooper Wilker[3] removed [McFarland] from the vehicle and again asked him to provide his identification[ and] he refused. [McFarland] was handcuffed and arrested for suspicion of DUI. [S]ubsequent to the arrest, [Trooper Lear] was able to locate [McFarland's] driver's license and identified him as [McFarland]. [McFarland] was then transported to York Central Booking.

Once [Trooper Lear] and [McFarland] arrived at Central Booking, [McFarland] was taken to a blood[-]draw room. [Trooper Lear] read [McFarland] his rights and the standard form describing a defendant's ability to refuse a blood draw and the consequences of refusing such a blood draw. [McFarland] then consented to a blood draw. [McFarland] was subsequently charged with[, *inter alia*, DUI and DUS].

* * * * *

Following [a] suppression hearing, [the] court held a stipulated non-jury trial . . . . [The] court found [McFarland] guilty of[, *inter alia*, DUI and DUS].

On January 15, 2025, [McFarland] was sentence to three . . . days to six . . . months at York County Prison, standard DUI

---

[3] The record does not contain Trooper Wilker's first name.

- 2 -

conditions, [a] $1,000 fine[,] and payment of costs for . . . DUI and a $400 fine and payment of costs for . . . DUS.

> On February 14, 2025, [McFarland], by and through his [appellate counsel,] filed a notice of appeal to [this Court, and McFarland filed his statement of matters complained of on appeal on March 7, 2025].

Trial Court Opinion, 4/15/25, at 1-4 (record citations and unnecessary capitalization omitted).

McFarland raises the following claim on appeal:

Did the lower court violate 42 Pa.C.S. §[]9726(c) and thus craft an illegal sentence by imposing a $400 fine—instead of the minimum $200 fine—for driving under suspension without evidence that [McFarland] could afford to pay that amount?

McFarland's Brief at 4.

McFarland asserts he received an illegal sentence because the trial court did not determine his ability to pay the DUS fine it imposed. This claim raises a challenge to the legality of sentence. *See Commonwealth v. Boyd*, 73 A.3d 1269, 1273-74 (Pa. Super. 2013) (*en banc*) (holding claim trial court failed to consider a defendant's ability to pay a fine before imposing it raises a challenge to the legality of sentence). Our standard of review for a challenge to the legality of sentence is *de novo* and our scope of review is plenary. *See Commonwealth v. Perzel*, 291 A.3d 38, 45 (Pa. Super. 2023).

42 Pa.C.S.A. § 9726 ("Section 9726") addresses the imposition of fines as sentences. Subsection (c) of Section 9726 provides a limitation upon the imposition of a fine as a sentence; it states: "The court shall not sentence a defendant to pay a fine unless it appears from the record that: (1) the

defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S.A. § 9726(c). Subsection (d) of the statute further provides: "[i]n determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." 42 Pa.C.S.A. § 9726(d).

McFarland asserts a court cannot impose a non-mandatory fine without evidence a defendant can pay that fine. *See* McFarland's Brief at 8-10, citing 42 Pa.C.S.A. § 9726(c).

The trial court rejected McFarland's claim. The Vehicle Code provision at issue in this case provides second and subsequent DUS offenses ***shall*** be punishable by a fine of not less than $200 or more than $1,000. *See* 75 Pa.C.S.A. §§ 1543, 6503(a) (emphasis added). The trial court determined the fine portion of his sentence was ***mandatory***. *See* Trial Court Opinion, 4/15/25, at 6-9.[4]

We affirm the trial court's denial of McFarland's claim. 75 Pa. C.S.A. § 6503(a) provides for a mandatory fine of not less than $200 nor more than $1,000 for a second statutory offense. *See* 75 Pa.C.S.A. § 6503(a). McFarland's sentence, accordingly, was a mandatory fine excluded from

---

[4] The trial court also noted McFarland presented no evidence of his inability to pay, and McFarland did not challenge the imposition of a $1,000 fine for his DUI conviction. *See id*. at 9-11. Because we affirm based on the mandatory nature of the fine, we do not address or endorse the trial court's alternate explanations for its sentence.

Section 9726(c)'s ability to pay determination. **See Commonwealth v. May**, 271 A.3d 475, 482 (Pa. Super. 2022); **Commonwealth v. Gipple**, 613 A.2d 600, 601 n.1 (Pa. Super. 1992); **Commonwealth v. Dinardo**, No. 863 WDA 2019, 2021 WL 1718071 (Pa. Super. Apr. 30, 2021) (non-precedential memorandum at *2) (rejecting application of Section 9726(c) to a fine at the top of a mandatory range of fines);[5] **cf**. **Commonwealth v. Ford**, 217 A.3d 824, 829 (Pa. 2019) (explaining trial courts are without authority to impose **non-mandatory fines** absent record evidence the defendant is or will be able to pay them).

McFarland does not contest the mandatory nature of fines pursuant to Section 6503(a); instead, he argues only the minimum of the range is mandatory and the rest of the sentencing range is discretionary. **See** McFarland's Brief, at 9-10. To that end, he asserts **Dinardo** is inconsistent with **Ford**. **See** McFarland's Reply Brief, at 1-3.

**Ford** does not support McFarland's argument. In that case, the Supreme Court of Pennsylvania held the imposition of **non-mandatory** fines require a determination of a defendant's ability to pay, even where the amount of the fines is the subject of a negotiated guilty plea agreement. **See Ford**, 217 A.3d at 831. In **Ford**, the lower court imposed a negotiated $1,000 fine

---

[5] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

- 5 -

for DUS where only a $500 fine was mandatory under the relevant statute. *See Ford*, 217 A.3d at 828, n.8 (citing 75 Pa.C.S.A. § 1543(b)(1)).

This case does not involve a negotiated plea or a sentence twice the statutory maximum; the court's sentence here is within the range of the mandatory fines authorized by Section 6503. McFarland does not offer caselaw, legislative history, or other explanation for the theory that a range of fines expressly made mandatory is in fact only mandatory at its bottom end. Rather, like the *DiNardo* Court which determined a fine at the top of a mandatory range was a mandatory fine exempt from Section 9726(c), we find the entire range of possible sentences under Section 6503 to be mandatory and reject the invitation to create a non-mandatory subclass of fine within a mandatory range of fines.

McFarland has failed to show his sentence is illegal because ability-to-pay hearings are not applicable to mandatory fines. Thus, his claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2026