J-S10037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD JOHN MAESTRE | : | |
| | : | |
| Appellant | : | No. 972 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered June 4, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001526-2024

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: APRIL 28, 2026**

Appellant, Edward John Maestre, appeals from the judgment of sentence imposed after the trial court accepted Appellant's plea of *nolo contendere* to one count of accidents involving damage to attended vehicle or property and the summary offense of following too closely.[1] After review, we affirm.

A detailed recitation of the facts of this matter is not necessary to our disposition. Briefly, the record reflects that on October 23, 2024, Appellant was driving his pickup truck on Cumberland Street in Lebanon, PA, when he struck another vehicle. *See* Criminal Information, 1/14/25 (single page); Complaint (Affidavit of Probable Cause), 11/07/24 (single page). After causing the collision, Appellant left the scene. *See* Complaint (Affidavit of Probable Cause), 11/07/24 (single page). On March 13, 2025, Appellant

_____

[1] 75 Pa.C.S. §§ 3743(a) and 3310, respectively.

entered a plea of *nolo contendere*, and the trial court accepted Appellant's plea.[2]  On May 7, 2025, the trial court sentenced Appellant to pay a $25 fine for following too closely and a term of six months of probation plus a fine of $25 for accidents involving damage to attended vehicle or property. Sentencing Order, 5/7/25, at i-ii.

However, in an order filed on May 19, 2025, the trial court concluded that it failed to impose the mandatory fine of $2,500 for accidents involving damage to attended vehicle or property, vacated the May 7, 2025 judgment of sentence, and ordered a resentencing hearing for June 4, 2025.  Order, 5/19/25 (single page).  On June 4, 2025, the trial court sentenced Appellant to a term of six months of probation and a fine of $2,500 for accidents involving damage to attended vehicle or property, and it reimposed the $25 fine for following too closely.  N.T., Resentencing Hearing, 6/4/25, at 4.

On June 16, 2025, Appellant filed a timely notice of appeal.  Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Whether the trial court erred in imposing a $2,500 fine under 75 Pa.C.S. § 3743(b) when the statute does not establish a mandatory fine?

2. Whether the trial court erred in imposing the $2,500 fine without first determining Appellant's ability to pay, as required by 42 Pa.C.S. § 9726(c), if the fine was discretionary rather than mandatory?

---

[2] The certified record does not include notes of testimony from the March 13, 2025, *nolo contendere* plea hearing.

Appellant's Brief at 6.

In his first issue, Appellant argues that the trial court erred when it concluded that the $2,500 fine is mandatory for accidents involving damage to attended vehicle or property pursuant to 75 Pa.C.S. § 3743(b).  *Id.* at 10. Appellant contends that Section 3743(b) does not contain language requiring a mandatory fine, and he submits that the trial court has discretion to impose a fine.  *Id.* at 10-12.  Appellant asserts that had the legislature intended a mandatory fine, it would have included language stating the $2,500 fine is mandatory, but instead, Appellant contends the statute contains only "permissible maximum penalties." *Id.* at 14.

Appellant's first claim of error presents an issue of statutory construction.  We review this issue guided by the following principles:

> Our legislature has established that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."  1 Pa.C.S. § 1921(a).  It is axiomatic that "[t]he plain language of the statute is the best indicator of the legislature's intent.  To ascertain the plain meaning, we consider the operative statutory language in context and give words and phrases their common and approved usage."  *Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934, 942 (Pa. 2021). … We presume that the legislature did not intend a result that is absurd, unreasonable, or impossible of execution.  *See* 1 Pa.C.S. § 1922(1).
>
> This Court must "interpret statutory language not in isolation, but with reference to the context in which it appears." *Commonwealth v. Kingston*, 143 A.3d 917, 922 (Pa. 2016). "[E]very portion of statutory language is to be read together and in conjunction with the remaining statutory language[] and construed with reference to the entire statute as a whole." *Commonwealth v. Glenn*, 233 A.3d 842, 845 (Pa. Super. 2020) (cleaned up).

> Where the words are clear, we interpret the statute in accordance with its plain meaning without looking further than its text. *See, e.g., Commonwealth v. Strunk*, 325 A.3d 530, 534 (Pa. 2024). It is only when a provision, read in context, is susceptible to at least two reasonable interpretations, or "raises non-trivial interpretive difficulties on its face," that we deem the language to be ambiguous. *See Commonwealth v. Hardy*, 337 A.3d 385, 409 n.113 (Pa. 2025) (cleaned up).
>
> Finally, while statutes are generally to be liberally construed, penal provisions are strictly construed. *See* 1 Pa.C.S. § 1928(b)(1), (c). However, this rule of lenity does not require us to "give the words of a statute their narrowest possible meaning, nor does it override the general principle that the words of a statute must be construed according to their common and approved usage." *Commonwealth v. Lehman*, 311 A.3d 1034, 1048 n.20 (Pa. 2024) (cleaned up).

*Commonwealth v. Griggs*, 349 A.3d 999, 1004–05 (Pa. Super. 2025)(some formatting altered).

The statute provides, in pertinent part, as follows:

**(b) Penalty.**--Any person violating this section commits a misdemeanor of the third degree, punishable by a fine of $2,500 or imprisonment for not more than one year, or both.

75 Pa.C.S. § 3743(b).

Upon review, we discern no ambiguity in the statute and, therefore, need look no "further than its text." *Griggs*, 349 A.3d at 1005. The statute clearly states the possible penalties: "a fine of $2,500 or imprisonment for not more than one year, or both." *Id.* Here, the trial court did not impose a sentence of imprisonment. Accordingly, it was mandated by the unambiguous language of the statute to impose a fine of $2,500. Nothing in the statute reflects a range of possible fines or indicates that $2,500 was the maximum permissible fine. The Legislature's election to mandate a specific fine without

qualifying language such as "not exceeding," "up to," or "maximum" reflects a deliberate drafting choice that forecloses any construction permitting the imposition of a lesser fine, and we must give effect to that choice. *Id.* at 1004–05. Indeed, Section 3743(b) contains no range of fines or discretionary language. *Compare* 75 Pa.C.S. § 3743(b), *with* 75 Pa.C.S. §§ 3804 (including discretionary language: "pay a fine of not less than … nor more than …"), 3742 (providing a "mandatory minimum fine of …"); 18 Pa.C.S. § 1101 (stating a maximum fine: "to pay a fine not exceeding …").[3] For these reasons, we conclude that Appellant is not entitled to relief on his first claim of error.[4]

Next, Appellant argues that the trial court erred in imposing the $2,500 fine without first determining Appellant's ability to pay as required by 42 Pa.C.S. § 9726(c). Appellant's Brief at 19. We conclude that no relief is due.

Section 9726(c)(1) states: "[t]he court shall not sentence a defendant to pay a fine unless it appears of record that … the defendant is or will be able to pay the fine[.]" 42 Pa.C.S. § 9726(c)(1). However, "[i]t is well-established that § 9726(c) does not apply to mandatory fines." *Commonwealth v. May*,

---

[3] We are cognizant that one year of imprisonment and a fine of $2,500 represent the statutory maximum prison term and fine for a third-degree misdemeanor under the Crimes Code. *See* 18 Pa.C.S. §§ 1101(6), 1104(3). However, if the Legislature intended for Section 3743(b) to provide a "range" of fines, it is for the Legislature to amend the statute.

[4] In his brief, Appellant includes an alternative argument for this Court to consider if we concluded the statute was ambiguous. *See* Appellant's Brief at 15-19. However, as we conclude that the statute is not ambiguous, we do not reach this alternative argument.

271 A.3d 475, 482 (Pa. Super. 2022)(citing **Commonwealth v. Ford**, 217 A.3d 824, 827-28 (Pa. 2019); **Commonwealth v. Gipple**, 613 A.2d 600, 601 n.1 (Pa. Super. 1992)).

As stated above, because the trial court did not impose a sentence of imprisonment, the $2,500 fine was mandatory. **See** 75 Pa.C.S. § 3743(b). Since the fine was mandatory under the circumstances presented here, the trial court was not required to determine Appellant's ability to pay. **May**, 271 A.3d at 482. Therefore, Appellant's argument lacks merit.

For the reasons stated above, we conclude that Appellant is not entitled to relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2026